UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY TURNER,

        Plaintiff,                                Case No: 15-cv-13241
                                                     Honorable Mark A. Goldsmith

v.

HORIZON, ET AL.,

        Respondents.

_____/

## ORDER OF SUMMARY DISMISSAL

This is a _pro se_ prisoner civil rights case. Jeffery Turner is incarcerated at the Handlon Correctional Facility in Ionia, Michigan, pursuant to a conviction for five counts of first-degree criminal sexual conduct and one count of first-degree home invasion. He asserts claims under 42 U.S.C. § 1983. Plaintiff states that he suffers from Hepatitis C and is being denied treatment with the drug Sovaldi, which he states offers a cure for Hepatitis C.

For the reasons discussed fully below, Plaintiff fails to satisfy the minimum pleading requirements against any of the named defendants. The Court, therefore, dismisses the complaint without prejudice.

### I. STANDARD OF DECISION

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed"

1

factual allegations, id., it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-156 (1978). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## II. ANALYSIS

Plaintiff indicates that he has been diagnosed with Hepatitis C. In September 2014, Dr. Hutchinson reportedly told Plaintiff there was a cure and that Plaintiff would soon start treatment for his illness. Compl. ¶ 9 (Dkt. 1). According to Plaintiff, Dr. Hutchinson informed him about a new drug for treating Hepatitis C, Sovaldi, which has a purported cure rate of 90%. Id. ¶ 12. Plaintiff claims that Defendants have shown deliberate indifference to his medical needs by failing to provide him with this medication and that his health, consequently, continues to deteriorate.

The Eighth Amendment bans, as cruel and unusual, any punishment that involves the unnecessary and wanton infliction of pain. Hudson v. McMillan, 503 U.S. 1, 5 (1992). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, a prison official acts with deliberate indifference when he or she acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." Brooks v. Celeste, 39 F.3d 125, 128 (6th Cir. 1994) (citing Farmer, 114 U.S. at 839-840).

Plaintiff names three defendants, Horizon, Corrections Medical Services, Inc., and Prison Health Services. He claims that all three Defendants are under contract with the Michigan Department of Corrections to provide health care for prisoners. Compl. ¶ 3. Plaintiff, however, makes no specific allegations against any of these Defendants. A defendant "cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability." Reed-Bey v.

3

Pramstaller, 607 F. App'x 445, 450 (6th Cir. 2015).  A plaintiff, instead, must show "a policy or custom that caused the constitutional violation."  Id.  Plaintiff fails to allege that Defendants had any blanket policy or custom that resulted his being denied treatment with Sovaldi.  Plaintiff also does not allege that Defendants were aware of his medical condition or directly participated in decisions concerning his medical treatment.

In sum, Plaintiff fails to allege that Defendants Horizon, Prison Health Services, Inc., or Correctional Medical Services engaged in any active unconstitutional behavior or that a policy or custom resulted in unconstitutional conduct by employees.  Accordingly, Plaintiff fails to state a claim.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff's complaint lacks an arguable basis in law and fails to state a claim for which relief presently may be granted.  Accordingly, the complaint is summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Coppedge, Jr. v. United States, 369 U.S. 438, 443-445 (1962).

SO ORDERED.


Dated:  January 26, 2016         s/Mark A. Goldsmith
Detroit, Michigan                MARK A. GOLDSMITH
                                 United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2016.

                                 s/Karri Sandusky
                                 Case Manager